UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| POLARIS INDUSTRIES INC. <br><br>Plaintiff, <br><br>v. <br><br>CFMOTO POWERSPORTS, INC.; CFMOTO AMERICA, INC; JOHN T. & ANGELA M. O'MARA d/b/a QUAD CENTRAL MOTORSPORTS; and LEO'S KAWASAKI SALES SOUTH, INC. <br><br>Defendants. | Court File No. 10-cv-04362 <br><br>**AMENDED COMPLAINT** <br><br>(Jury Trial Demanded) |

## AMENDED COMPLAINT

Plaintiff, Polaris Industries Inc., for its Amended Complaint against Defendants states:

## THE PARTIES

1.  Plaintiff, Polaris Industries Inc., is a Delaware corporation having its principal place of business at 2100 Highway 55, Medina, Minnesota 55340 ("Plaintiff" or "Polaris"). Polaris is a citizen and resident of Minnesota. Polaris is an industry leader in snowmobiles, motorcycles, all-terrain vehicles, and side-by-side off road vehicles.

2.  Defendant CFMOTO Powersports, Inc. is a Minnesota corporation, having its principal place of business at 3555 Holly Lane N. #30, Plymouth, MN 55447 ("CFMOTO Powersports"). CFMOTO Powersports is a citizen and resident of Minnesota. CFMOTO Powersports is a dealer and/or distributor of the CF625 Z6, which

upon information and belief is manufactured in whole or part by CFMOTO America, Inc. ("CFMOTO USA") and/or Zhejiang CFMOTO Power Co., Ltd. ("CFMOTO China") in China. CFMOTO Powersports is importing, offering for sale and/or selling the CF625 Z6 in this district.

3. Defendant CFMOTO America, Inc. is, upon information and belief, a New Jersey corporation, having its principal place of business at 3555 Holly Lane N. #70, Plymouth, MN 55447 and a registered address at 817-D Donaldson Street, Highland Park, NJ 08904 ("CFMOTO America"). CFMOTO America is a citizen and resident of Minnesota. CFMOTO America is, upon information and belief, a manufacturer, dealer and/or distributor of the CF625 Z6. CFMOTO America is selling and offering for sale the CF625 Z6 in this district. CFMOTO Powersports and CFMOTO USA may be collectively referred to herein as "CFMOTO."

4. Defendants John T. & Angela M. O'Mara d/b/a Quad Central Motorsports, are citizens and residents of Minnesota, having a residential address at 1615 166th Ave. NE, Ham Lake, MN 55304 and a business address at 16421 Aberdeen St. NE, Ham Lake, MN 55304 ("Quad Central Motorsports"). Quad Central is offering for sale and/or selling the CFMOTO CF625 Z6 in this district.

5. Defendant Leo's Kawasaki Sales South, Inc. is a Minnesota corporation, having its principal place of business at 16375 Kenrick Ave., Lakeville, MN 55044 ("Leo's South"). Leo's South is a citizen and resident of Minnesota. Leo's South is offering for sale and/or selling the CFMOTO CF625 Z6 in this district.

**JURISDICTION AND VENUE**

6. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271; 282-285. This Court has exclusive jurisdiction over Plaintiff's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has original jurisdiction over Plaintiff's Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has pendent and supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. §§ 1338(b) and 1367 in that such claims are joined with substantial and related claims under the Patent and Trademark Laws of the United States.

7. Personal jurisdiction over Defendants and venue are proper in this district under 28 U.S.C. § 1391. Defendants have marketed, offered for sale, and, upon information and belief, sold their accused products in the District of Minnesota. The Defendants are residents of Minnesota and the events giving rise to Polaris's claims arose in this district.

**FACTS**

8. Polaris is a leading designer, manufacturer and marketer of recreational vehicles such as snowmobiles, motorcycles and off road vehicles, such as all-terrain vehicles and side-by-side all-terrain vehicles. The first Polaris snowmobile was built more than 50 years ago. Since that time, Polaris has continued to innovate. Polaris subsequently successfully launched off road vehicles, watercraft and the Victory line of road bikes.

9. Polaris led the industry with the introduction of its RANGER® side-by-side off road vehicle. The RANGER® was such a success that many other recreation vehicle manufactures also began offering side-by-side off road vehicles.

10. Polaris again jumped ahead of the industry in 2007 with the introduction of its RANGER RZR®. The RANGER RZR® is the industry's only trail capable side-by-side. It's unique styling and distinctive features made it an instant success. The RANGER RZR® is one of Polaris's best selling products.

11. Defendants CFMOTO quickly copied the RANGER RZR® and began selling the knock-offs from China. Polaris became aware of a CFMOTO Z5 model and sent a cease-and-desist letter in February 2009. It appeared to Polaris that CFMOTO headed the warning and stopped the infringing sales.

12. However, in late 2009, Polaris became aware of the CFMOTO Z6 knock-offs being sold by CFMOTO. The industry commented that the CFMOTO "Z6 bears a striking resemblance to the very hot Polaris RZR." Polaris sent CFMOTO a second cease-and-desist letter in December 2009.

13. Despite Polaris's two cease-and-desist letters notifying CFMOTO of Polaris's patents and patent applications, CFMOTO is now selling, offering for sale, and importing into the United States (including in this district) the CFMOTO CF625 Z6, which infringes both Polaris's patent and Polaris's trade dress. Polaris has not authorized CFMOTO under any of its patents, patent applications or trade dress.

14. Defendants Quad Central Motorsports and Leo's South both offer for sale the infringing CFMOTO CF625 Z6 in Minnesota. Polaris has not authorized Quad

Central Motorsports or Leo's South under any of its patents, patent applications or trade dress.

## CLAIM I
## PATENT INFRINGEMENT

15.  Polaris repeats the allegations of paragraphs 1-14 of this Complaint.

16.  On October 26, 2010, United States Patent No. 7,819,220 entitled Side-by-Side ATV was duly and legally issued to Polaris as assignee of the inventors.  Polaris is the owner of the entire right, title and interest in and to United States Patent No. 7,819,220 and has been and still is the owner thereof.  United States Patent No. 7,819,220 is attached as Exhibit A.

17.  Defendants have each made, used, sold, offered for sale, or imported the CF625 Z6, which infringes United States Patent No. 7,819,220.  Defendants have each also induced others to infringe United States Patent No. 7,819,220 by encouraging and promoting the use and/or sale by others of the infringing CF625 Z6.

18.  Plaintiff has complied with the notice provision of the patent statutes.

19.  Upon information and belief, Defendants have had actual knowledge of United States Patent No. 7,819,220 and its infringement of this patent has been and continues to be willful and deliberate.

20.  Polaris has been damaged by Defendants' infringement of United States Patent No. 7,819,220 and will continue to be damaged in the future unless Defendants are permanently enjoined from infringing and inducing the infringement of said patent.

21. Polaris has also suffered monetary damages caused by Defendants' infringement in an amount to be proven at trial.

## CLAIM II
## FEDERAL UNFAIR COMPETITION – LANHAM ACT

22. Polaris repeats the allegations of paragraphs 1-21 of this Complaint.

23. Polaris has been selling and advertising its distinctively shaped and designed RANGER RZR® since 2007. Polaris spends considerable sums of money advertising and publicly promoting the RANGER RZR®. Consumers recognize the RANGER RZR® as coming for a single source: Polaris.

24. Defendants have been selling and advertising side-by-side all terrain vehicles, including the CFMOTO Z6, that have a shape and look confusingly similar to the protectable aspects of the appearance of Polaris's RANGER RZR®, without Polaris's consent. Defendants have infringed upon the trade dress rights of Polaris by selling, advertising and distributing side-by-side all terrain vehicles, including the CFMOTO Z6, whose design and look is confusingly similar to the protectable trade dress of Polaris's RANGER RZR®, which is unfair competition in violation of the Lanham Act, 15 U.S.C. §–1125(a).

25. The product configuration trade dress of Polaris' RANGER RZR® is not functional and has acquired secondary meaning as evidence by extensive sales, numerous awards, and non-party statements recognizing CFMOTO's Z6 as bearing "a striking resemblance to the very hot Polaris RZR."

26. As a direct and proximate result of the likely consumer confusion, mistake, or deception, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

27. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover the costs of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Polaris to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## CLAIM III
## DECEPTIVE TRADE PRACTICES – MINN. STAT. 325D.44

28. Polaris repeats the allegations of paragraphs 1-27 of this Complaint.

29. Defendants' use of a side-by-side all terrain vehicle design, including the Z6, that is confusingly similar to Polaris's RANGER RZR® design is likely to cause confusion, mistake, or deception as to the source of origin of the goods and services offered by Defendants. This is because customers and potential customers are likely to believe that the infringing goods offered by Defendants, including the CFMOTO Z6, are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Polaris. Defendant has engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44, including Minn. Stat. § 325D.44(1-3, 13).

30. As a direct and proximate result of the likely confusion, mistake, or deception, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

31.     Pursuant to Minn. Stat. § 325D.45, Polaris is entitled to recover its costs and attorneys' fees.

## CLAIM IV
## UNLAWFUL TRADE PRACTICES ACT – MINN. STAT. § 325D.09

32.     Polaris repeats the allegations of paragraphs 1-31 of this Complaint.

33.     Defendants have engaged in unlawful trade practices in violation of Minn. Stat. § 325D.09 *et seq.* through their unauthorized use of Polaris' trade dress in competition with Polaris as alleged herein above.

34.     As a direct and proximate result of the likely confusion, mistake, or deception, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

35.     Pursuant to Minn. Stat. § 325D.15 and § 8.31, subd. 3a, Polaris is entitled to recover its costs, disbursements, and reasonable attorneys' fees.

## CLAIM V
## COMMON LAW UNFAIR COMPETITION

36.     Plaintiff repeats the allegations of paragraphs 1-35 of this Complaint.

37.     Defendants' conduct constitutes unfair competition in violation of the rights of Polaris through Defendants' unauthorized use of Polaris' trade dress in competition with Polaris as alleged herein above.

38.     Defendant's acts were taken in willful, deliberate and/or intentional disregard of Polaris's rights.

39. As a direct and proximate result of the unfair competition of Defendants, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

## JURY DEMAND

40. Polaris respectfully requests a jury trial for this matter.

**WHEREFORE**, the Plaintiff, Polaris Industries Inc., prays that the Court enter an order and judgment:

A. that each Defendant has infringed (directly and by inducement) United States Patent No. 7,819,220.

B. preliminarily and permanently enjoining and restraining the Defendants, their directors, members, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under them, at first during the pendency of this action and thereafter perpetually:

1. from infringing and inducing infringement of United States Patent No. 7,819,220;

2. from committing any acts of unfair competition, including but not limited to importing, selling and advertising an off road design confusing similar to Polaris's RANGER RZR®, and from implying a false designation of origin or a false description or representation of products;

      3.      from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services that are not Polaris's goods or services as those of Polaris;

      4.      from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, web sites or promotional materials, or other materials related to the Defendants' goods or services, bearing any design, or any other mark, word, or name confusingly similar to Polaris's RANGER RZR® design;

      5.      from making any statements on promotional materials or advertising for Defendants' goods that are false or misleading;

      6.      from using any designation that is likely to disparage, tarnish or dilute the distinctive quality of Polaris's marks or products; and

      7.      from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' goods or services are the goods or services of Polaris or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Polaris under the supervision or control of Polaris.

    C.    that each Defendant deliver up to Polaris any and all products, images, containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to Polaris, its images, or products.

D. that each Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Polaris's counsel a written report under oath setting forth details of the manner in which each Defendant has complied with the Court's order.

E. that each Defendant account and pay over to Polaris statutory damages or other damages sustained by Polaris, Defendants' profits (each of them), Polaris's attorneys' fees and costs, and ordering that the amount of damages awarded Polaris be enhanced by an amount not inconsistent with the law.

F. awarding Polaris damages under 35 U.S.C. §§ 154 and 284, including treble damages for willful infringement.

G. awarding Polaris its attorneys fees as provided by 35 U.S.C. § 285.

H. awarding Plaintiff such other relief as the Court may deem just and proper.

Polaris Industries Inc.

Date: February 21, 2011     By Counsel

s/Anthony R. Zeuli
Anthony R. Zeuli, Reg. No. 274884
Thomas J. Leach, Reg. No. 311844
Tong Wu, Reg. No. 288974
MERCHANT & GOULD P.C.
80 South Eighth Street, Suite 3200
Minneapolis, Minnesota 55402-2215
Telephone: 612.332.5300
Facsimile: 612.332.9081